# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL NO. 3:14-CV-1960 |
| Plaintiff, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER[1]

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving an 170-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaint regarding the medical care and treatment which he receives at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos.

In this case, Njos has sued the United States, the Federal Bureau of Prison, ten individual prison mental health providers,[3] and four non-medical prison supervisory officials.[4] In his complaint Njos alleges that the defendants violated his constitutional rights, and acted negligently, by not providing him with individual out of cell psychological care. According to Njos, he is now entitled to select the manner of his care because he claims to have been raped by another inmate at a different institution

---

[2]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

[3]These defendants include Dr. Mink, Dr. Contri, Dr. Howson, Dr. Cannon, Dr. Edinger, Clinical Director Pigos, Psychologists Karper, Sage and Ramirez, and Physician Assistant Fasciara.

[4]These defendants include Warden Bledsoe, Warden Ebbert, Regional Director Norwood and Harrell Watts.

on October 3, 2010, and, therefore, should be provided individual therapy in a private setting as a result of that incident. Remarkably, Njos persists in this claim even after he acknowledged that he "bec[a]me slightly obsessed with thoughts of torturing, raping or killing uncaring psychology services staff," (Doc. 32., ¶25.), and shared these murderous thoughts with prison psychology staff "question[ing] the psychologists inquiring if it was okay for him to have inappropriate thoughts of killing, torturing and raping staff in revenge for their mistreatment." (Id., ¶29.)

We have filed reports and recommendations which recommend that Njos' claims be dismissed, and that his proposed amended complaint be rejected as procedurally inappropriate, substantively without merit and futile. Njos, however, now seeks either a default judgment or a contempt citation based upon an alleged failure by the government to further respond to some of his allegations and pleadings. (Doc. 63.)

We will deny this motion. Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond" Rule 55(a), F.R.Civ.P., and a "default judgment [cannot be] entered when there has been no proper service of the complaint . . . ." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)

In this case, we find that all of these discretionary factors favor denial of entry of default judgment against these defendants at this time. At the outset, allowing this matter to be resolved on its merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. This principle applies with particular force here, since the plaintiff's claims appear to lack legal merit. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this stage of the litigation since he can pursue this matter later, if any of

4

his legal claims survive. However, entry of default would be highly prejudicial to those defendants against whom Njos seeks this default judgment, and those defendants have not engaged in any culpable conduct which makes entry of default appropriate.

Accordingly, for the foregoing reasons, the plaintiff's motion for entry of default, is DENIED. (Doc.63.)

So ordered this 24th day of September 2015.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge