UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

SCOTT NJOS,
              Plaintiff,

v.

UNITED STATES OF AMERICA,
              Defendant.

_____

CIVIL ACTION NO. 3:14-CV-1960

(Judge Kosik)

### **MEMORANDUM**

Before the court are Plaintiff's Objections (Doc. 73) to the Amended Report and Recommendation of Magistrate Judge Martin C. Carlson filed on September 24, 2015 (Doc. 67).  For the reasons which follow, we will adopt in part and not adopt in part the Report and Recommendation of the Magistrate Judge.

### BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, commenced the instant action on October 9, 2014. Plaintiff brings this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346 and §§2671-2680, and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1].  The action is based on the alleged inadequacies in Plaintiff's psychological treatment.  Specifically, Plaintiff alleges that on October 3,

---

[1] Plaintiff filed an Amended Complaint (Doc. 27) on April 13, 2015.  Because the Amended Complaint was filed after the time period set forth in Fed. R. Civ. P. 15(a)(1), Plaintiff was required to seek the government's consent or leave of court, Fed. R. Civ. P. 15(a)(2), neither of which Plaintiff did.  While the Amended Complaint essentially involves the same circumstances as the original Complaint and is brought pursuant to the FTCA and Bivens, it added eight new Defendants and set forth more details.  The Magistrate Judge discusses the Amended Complaint at Footnote 7 in the Amended Report and Recommendation.  He finds that the Amended Complaint is a nullity since Plaintiff did not seek leave of court and did not comply with Local Rule 15.1.  He also finds that nothing in the proffered amendment would cure the legal defects set forth, infra., that the proposed amendment would be futile, and the court should decline to entertain the Amended Complaint.  We will discuss the Magistrate Judge's findings regarding the Amended Complaint, infra.

2010, he was raped by his cellmate at the United States Penitentiary at Victorville, California. He asserts that he was left in the cell over night and reported the sexual assault the next day. He was subsequently transferred to the United States Penitentiary at Lewisburg, Pennsylvania. Plaintiff details the psychological counseling and treatment which he received and the alleged inadequacies of the treatment. In particular, Plaintiff points out that he requested individual therapy on a weekly basis, and was denied this request.

Following an extensive procedural history, which includes Motions for Summary Judgment filed by both parties, the matter was assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation. The Amended Report and Recommendation, which is the basis of this Memorandum, addresses Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 13).

On September 24, 2015, the Magistrate Judge filed an Amended Report and Recommendation (Doc. 67), wherein he recommended that the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 13) be granted, and the Plaintiff's Complaint be dismissed. On October 2, 2015, Plaintiff filed Objections (Doc. 73) to the Amended Report and Recommendation. On October 16, 2015, the Defendants filed a Brief (Doc. 78) in Response to Plaintiff's Objections. Plaintiff filed a Reply Brief (Doc. 80) in Response to Defendant's Response on November 2, 2015.

STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in

whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

DISCUSSION

In the Amended Report and Recommendation, the Magistrate Judge sets out the standard of review for a motion to dismiss, or in the alternative, a motion for summary judgment. The Magistrate Judge next finds that Plaintiff's claims fail as a matter of law, because the Prison Rape Elimination Act creates no private right of action, that Plaintiff's Eighth Amendment claims against the prison officials in their individual capacity fail, because Plaintiff does not allege facts sufficient to establish deliberate indifference as required by the Eighth Amendment, and that Plaintiff's claims amount to a disagreement over his mental health treatment and alternate treatment plans. The Magistrate Judge found that claims against the non-medical correctional staff and supervisory staff should be dismissed. The Magistrate Judge also found that Plaintiff was seeking to re-litigate claims that were dismissed in a previous action (Njos v. United States, 3:12-CV-1251) and that these claims are barred by the doctrine of collateral estoppel. The Magistrate Judge found that Plaintiff's Federal Tort Claims Act medical negligence claims fail as a matter of law, because Plaintiff failed to file a Certificate of Merit pursuant to Pa. R.C.P. 1042.3. Finally, the Magistrate Judge found that the Defendants are entitled to qualified immunity on the claims for damages. As to the pendant tort claim for intentional infliction of emotional distress, the Magistrate Judge found that we should decline to exercise supplemental jurisdiction over the claim. Additionally, he found that the claim should be dismissed on the merits.

In Objections to the Amended Report and Recommendation, Plaintiff first discusses the nature of his claims.  Plaintiff asserts that he brings two claims under the FTCA for ordinary negligence against all named individuals and the United States and for medical/malpractice negligence against all named BOP psychologists.  Plaintiff also brings a Bivens claim against all named Defendants for systemic deficiencies in staffing, facilities, and procedures in the treatment of sexual abuse victims which make unnecessary suffering inevitable and constitutes deliberate indifference in violation of the Eighth Amendment.  Plaintiff asserts that his Eighth Amendment Bivens claims are injunctive relief claims suing individually named defendants in their official capacity.  Plaintiff states that his reference to the Prison Rape Elimination Act (PREA), 42 U.S.C. §15602, was cited as an example of the evolving standards of decency for victims of sexual abuse in prison and in reference to the PREA regulations put out by the Department of Justice for the Bureau of Prisons, 28 CFR §115.  Finally, Plaintiff argues that he filed a Certificate of Merit pursuant to Pa R.C.P. 1042.3(a)(1) and (3) on two separate occasions.  He refers to Document 74, Exhibit 1.  Plaintiff also objects to the Magistrate Judge's characterizations, findings of facts and conclusions of law relating to his psychological care and he makes reference to 28 CFR §115 et seq., which implements the PREA, and, in particular, to §115.83(c).  He also refers to a letter from a Psychologist, Dr. Rosaria Gabriele (Doc. 74, Ex. 2).  Plaintiff objects to the Magistrate Judge's findings as to summary judgment, referencing Local Rule 56.1.  He also objects to the Magistrate Judge's findings as to his Amended Complaint.

Defendants filed a Brief (Doc. 78) in Response to Plaintiff's Objections.  In the Response Brief (Doc. 78), Defendants dispute Plaintiff's Objections as to his claims regarding jurisdiction, the Magistrate Judge's use of Plaintiff's own statements against him, the Magistrate Judge's conclusions of law as to the PREA, the Magistrate Judge's findings as to the FTCA medical malpractice claims and the need

to file a Certificate of Merit, the Plaintiff's Objections regarding the treatment of summary judgment, and the Magistrate Judge's findings as to Plaintiff's Eighth Amendment claims.

In his Reply Brief (Doc. 80), Plaintiff again argues against findings and conclusions of the Magistrate Judge and attempts to clarify his positions.  We will review the Amended Report and Recommendations in light of the Objections and Responses filed by the parties.  Moreover, because Plaintiff is proceeding pro se, we will review the Complaint keeping in mind that his Complaint should be construed liberally.  Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

In the Amended Report and Recommendation, the Magistrate Judge finds that any claims that Plaintiff asserts under the PREA should be dismissed because the PREA does not give rise to a private cause of action and must fail as a matter of law.  We agree.  However, in his Objections and Reply, Plaintiff argues that none of his claims are premised on the PREA, but that he is citing the regulations implementing the PREA, as providing the evolving standards of care for prison rape victims.  To the extent Plaintiff is asserting a PREA claim, we will adopt the Amended Report and Recommendation in that there is no private cause of action under PREA.

The Magistrate Judge discusses Plaintiff's claims under the Federal Tort Claims Act.  In his Objections and Reply, Plaintiff asserts that he is bringing two claims under the FTCA, a claim for ordinary negligence against all named individuals and the United States and for medical malpractice against all named BOP psychologists[2].  As the Magistrate Judge points out, in order to present a case of medical negligence under Pennsylvania law, the Plaintiff must file a Certificate of Merit pursuant to Pa. R. Civ. P. 1042.3.  The Magistrate Judge found that Plaintiff

---

[2]We note that the proper defendant in a FTCA claim is the United States of America, which is already a party in this action. McNiff v. Asset Management Specialists, Inc., 337 F. Supp. 2d 685, 691 (E.D. Pa. 2004).  Thus, all of Plaintiff's negligence claims against individual employees of the BOP will be dismissed with prejudice.  Thomas v. United States, 558 F. Supp. 2d 553, 557 (M.D. Pa. 2008).

failed to file a Certificate of Merit. We agree. While Plaintiff objects and points to a Letter from Psychologist Rosaria Gabriele, we do not find that this letter satisfies the requirements of Pa. R. Civ. P. 1042.3[3]. Accordingly, we will dismiss Plaintiff's medical negligence claim without prejudice.

The Magistrate Judge found that Plaintiff's Eighth Amendment claims fail as a matter of law and a matter of fact. Specifically, the Magistrate Judge discusses the law surrounding medical treatment claims and the standards surrounding deliberate indifference. The Magistrate Judge found that the Plaintiff fails to establish an Eighth Amendment claim because significant medical services were provided to Plaintiff, but Plaintiff was dissatisfied with the course of treatment and the outcome. The Magistrate Judge also found that Plaintiff failed to state a claim against supervisory officials. In addition, the Magistrate Judge found that because Plaintiff received on-going medical care, non-medical correctional staff could not be considered deliberately indifferent. The Magistrate Judge references the evidence submitted by Defendants, including prison and medical records.

In his Objections and Reply, Plaintiff argues that he brings a Bivens claim against all named defendants for systemic deficiencies in staffing, facilities and procedures in the treatment of sexual abuse victims as constituting deliberate indifference. Plaintiff also argues that the Magistrate Judge misconstrued his claim and applied the wrong standard. He argues that his Eighth Amendment Bivens claim is for injunctive relief[4]. While we agree with the legal premises and conclusions set forth by the Magistrate Judge, we believe that Plaintiff should be given the

---

[3] In other cases filed with this court, Plaintiff has properly complied with the Certificate of Merit requirement, thus he is aware of the Rule. See, Njos v. United States, 15-CV-931.

[4] In his Complaint (Doc. 1), Plaintiff requests compensatory and punitive damages for the constitutional claims (Para. 52). We note that in a Bivens suit, a Plaintiff cannot sue an individual federal Defendant for damages in his or her official capacity, because the claim for money damages is barred by sovereign immunity. Lewal v. Ali, 289 Fed. Appx. 515, 516 (3d Cir. 2008). Thus, to the extent Plaintiff is seeking damages against any Defendant in his or her official capacity, the claim will be dismissed with prejudice.

opportunity to amend his Complaint and to clarify his claims and the relief he seeks. See, Bennett v. Division of Immigration Health Services, 2006 WL 845864 (E.D. Pa., March 28, 2006, *6, n. 6). Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge as to Plaintiff's Eighth Amendment claims without prejudice and we will allow Plaintiff the opportunity to amend.

The Magistrate Judge also found that to the extent Plaintiff seeks to relitigate claims that were previously dismissed, the doctrine of collateral estoppel applies and bars relitigation. The Magistrate Judge references Njos v. United States, Civil No. 3:12-CV-1251 (Doc. 32)(April 30, 2013). In his Reply to Defendants' Response to the Objections, Plaintiff asserts that the present action is a claim for injunctive relief against the Bureau of Prisons for systemic deficiencies. In 3:12-CV-1251, the Amended Complaint (Doc. 27) is captioned "Verified Complaint for Damages and Injunctive Relief." Therein, Plaintiff discusses his mental health issues and the treatment he received at USP- Lewisburg. He also discusses problems with his cellmates. Plaintiff brings the action under the Rehabilitation Act and Bivens.

In the Report and Recommendation filed on April 3, 2013 (Doc. 31), the Magistrate Judge found that Plaintiff makes no mention that Defendants Brown, Pegos, Carpen, Snyder, Metzger, Prince, Heath, Thomas, Contrey, Rear, Birdcell and Cannon had any involvement with Plaintiff's treatment regimen, and that Plaintiff failed to sufficiently state any personal involvement of these Defendants in depriving Plaintiff of medical care or alleging deliberate indifference to his medical needs. In his Objections, Plaintiff disputes the relief sought in each action. Because Plaintiff will be allowed to file an Amended Complaint to clarify his claims and the relief he seeks, we will not adopt the portion of the Amended Report and Recommendation relating to collateral estoppel.

The Magistrate Judge also finds that the Defendants are entitled to qualified immunity on Plaintiff's claims for damages. In his Objections, Plaintiff asserts that he

is only seeking injunctive relief on his Bivens claims.  The law is well established that qualified immunity does not bar actions for prospective injunctive relief.  Salerno v. Corzine, 449 Fed. Appx. 118, 123 (3d Cir. 2011).  To the extent that Plaintiff is seeking injunctive relief on his Bivens claims, qualified immunity does not bar his claim.

The Magistrate Judge next addresses Plaintiff's Pendent Tort Claim for Intentional Infliction of Emotional Distress.  The Magistrate Judge finds that because Plaintiff's federal court claims are subject to dismissal, we should decline to assert supplemental jurisdiction over ancillary state claims.  He also finds that the claim fails on its merits.  We agree that the Plaintiff's claim for intentional infliction of emotional distress fails to set forth a sufficient basis and we will adopt the recommendation of the Magistrate Judge.  Accordingly, we will dismiss Plaintiff's claim for intentional infliction of emotional distress.

Finally, the Magistrate Judge discusses Plaintiff's Amended Complaint (Doc. 27).  As we indicated above, the Magistrate Judge found, and we agree, that Plaintiff's Amended Complaint was improper because Plaintiff did not seek the government's consent or leave of court, pursuant to Fed. R. Civ. P. 15(a)(1) and (a)(2).  However, we disagree with the Magistrate Judge that allowing Plaintiff the opportunity to amend would be futile.  Accordingly, Plaintiff will be given an opportunity to file an Amended Complaint in conformity with this Memorandum.  An appropriate Order follows.